JOHN L. BURRIS, Esq./ State Bar #69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

ANDREW C. SCHWARTZ, Esq./State Bar #64578
Casper, Meadows & Schwartz
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs

FILED
2003 NOV 26 PM 1:43
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

PD ISS



ADR

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANNIE LEWIS, individually, and as Administrator of the Estate of GREGORY LEWIS, and as the Guardian Ad Litem of DEMARIO LEWIS; DEANDRE LEWIS and DELORENZO LEWIS, by and through their Guardian ad Litem, CHRISTINE BENJAMIN,

Plaintiffs,

vs.

CITY OF HAYWARD, a municipal corporation; CRAIG CALHOUN, in his capacity as Chief of Police for the CITY OF HAYWARD; R. FARRO, individually and in his capacity as an officer for the CITY OF HAYWARD; A. NGUYEN, individually and in his capacity as an officer for the CITY OF HAYWARD; E. MULHERN, individually and in his capacity as an officer for the CITY OF HAYWARD; C. MARTINEZ, individually and in his capacity as an officer for the CITY OF HAYWARD; E. HUTCHINSON, individually and in his capacity as an officer for the CITY OF HAYWARD; J. WAYBRIGHT, individually

(Caption continues on next page)

Case No. C 03 5360 EDL

**COMPLAINT FOR WRONGFUL DEATH VIOLATION OF CIVIL RIGHTS AND DAMAGES**
**JURY TRIAL DEMANDED**

GO.44 SEC. N
NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

and in his capacity as an officer for the CITY OF HAYWARD; R. SAPPINGTON, individually and in his capacity as an officer for the CITY OF HAYWARD; D. OLSON, individually and in his capacity as an officer for the CITY OF HAYWARD; J. BRYAN, individually and in his capacity as an officer for the CITY OF HAYWARD; R. KEENER, individually and in his capacity as an officer for the CITY OF HAYWARD; and DOES 1-100, inclusive,

Defendants.

/

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Hayward, County of Alameda, California, which is within this judicial district. Further, this action arises under California C.C.P. Sections 340(3), 377, 377.10(b), 377.11, 377.20, 377.30, 377.32(a), 377.34, 377.60(a), 377.61, and 377.62, and Probate Code Section 6402(b), as plaintiffs are the children and surviving mother of GREGORY LEWIS, deceased, also referred to herein as "decedent". Jurisdiction is conferred upon this Court by California C.C.P. Section 340(3). The unlawful acts and practices alleged herein occurred in the City and County of Sacramento, California, which is within this judicial district.

## PARTIES

2. Plaintiffs are, and at all times herein mentioned were, citizens of the United States and residents of Hayward and Stockton, California, respectively. Plaintiffs are the surviving children and the mother of decedent, GREGORY LEWIS, who was readily recognizable as an African-American. Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS are decedent's children and successors in interest, pursuant to C.C.P. Section 377.11, and the beneficiaries of decedent's estate, pursuant to C.C.P. Section 377.10(b). Plaintiff ANNIE LEWIS is the Guardian ad litem of DEMARIO LEWIS and the mother of decedent Gregory Lewis and personal representative

of the Estate of Gregory Lewis. Plaintiff CHRISTINE BENJAMIN is the Guardian Ad Litem and mother of DEANDRE LEWIS and DELORENZO LEWIS.

3. Defendant CITY OF HAYWARD ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times mentioned herein, defendant CRAIG CALHOUN was the Chief of Police for the CITY. Defendant CALHOUN is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendant R. FARRO, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

5. At all times mentioned herein, defendant A. NGUYEN, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

6. At all times mentioned herein, defendant E. MULHERN, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

7. At all times mentioned herein, defendant C. MARTINEZ, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

8. At all times mentioned herein, defendant E. HUTCHINSON, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

9. At all times mentioned herein, defendant J. WAYBRIGHT, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

10. At all times mentioned herein, defendant R. SAPPINGTON, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

11. At all times mentioned herein, defendant D. OLSON, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

12. At all times mentioned herein, defendant J. BRYAN, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

13. At all times mentioned herein, defendant R. KEENER, was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

14. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

15. In engaging in the conduct described herein, defendant officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, defendant peace officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY.

16. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

STATEMENT OF FACTS

17. On the morning of November 28, 2002, at around 5:00 a.m., defendant officers FARRO and NGUYEN responded to a call for a welfare, or well-being, check at a Motel 6 on the 30100 block of Industrial Parkway in Hayward, California. The two officers encountered decedent, who was dressed in a pair of boxer shorts and appeared to be yelling and screaming for no particular reason. Decedent had stayed overnight at the hotel with a friend, Loretta Garcia. Plaintiffs allege that a motel

clerk placed the call to police for to check on decedent's health and safety. Plaintiffs allege that the two officers then called for police backup, but made no call for medical assistance. According to medical reports, decedent was under the intoxication of cocaine and phencyclidine, although not at levels that would cause an overdose.

18. Several backup officers arrived on the scene, including defendant officers MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, and KEENER. The officers ordered decedent to put his hands behind his back to be handcuffed, and decedent complied. Even though decedent complied with the order, several of defendant officers pepper-sprayed decedent and rushed decedent and began striking decedent with their nightsticks. Defendant officers struck decedent so forcefully on and around his body and head that decedent's blood squirted against a motel door, and a loud cracking sound was heard after an officer struck decedent in the head with his nightstick. At some point, defendant officers placed a "wrap" around decedent legs.

19. Defendant officers then dragged decedent's body across a rocky area, face down, next to a set of stairs at the motel. Defendant officers then kicked decedent in the side, while another defendant officer stepped on decedent's neck. The officer continued yelling at decedent to "stop resisting," although at this point decedent was motionless. One defendant officer then told another defendant officer to call for an ambulance. The ambulance arrived approximately ten minutes later, but the paramedics were unable to revive decedent. Decedent was transported to St. Rose Hospital in Hayward, where he was pronounced dead shortly thereafter at 6:07 a.m.

20. Plaintffs further allege that defendant officers assaulted and battered decedent, causing injuries to his face, head and body. Plaintiffs allege that defendant officers used excessive and unreasonable force against decedent. Plaintiffs further allege that decedent suffered rib fractures, a pulmonary contusion, multiple contusions and abrasions of the head, neck, torso, and extremities, and restraint asphyxia. GREGORY LEWIS suffered and died as a proximate result of defendant officers' conduct including extensive assault and battery, and use of pepper-spray, causing restraint asphyxia.

21. The above-described misconduct by defendant officers was brutal, malicious, and done without any just provocation or cause, proximately causing GREGORY LEWIS's suffering and death, and injuries and damages to plaintiffs.

22. Defendant CITY, by and through its supervisory employees and agents, Chief of Police Carl Calhoun, and DOES 51-100, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, Chief CARL CALHOUN, and DOES 51-100, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injuries and damages to plaintiffs. CITY, Chief CARL CALHOUN, and DOES 51-100, inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their officers, including Officer FARRO; Officer NGUYEN; Officer MULHERN; Officer MARTINEZ; Officer HUTCHINSON; Officer WAYBRIGHT; Officer SAPPINGTON; Officer OLSON; Officer BRYAN; Officer KEENER; and DOES 1-50, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by officers employed by defendant CITY.

## DAMAGES

23. Plaintiffs were physically, mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

24. Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. Sections 377.60 and 377.61.

25. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS are further entitled to recover for the pain and

suffering of decedent before he died as the result of being assaulted and battered, for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived.

26. As a proximate result of defendants' conduct, decedent suffered pain and physical injuries, and lost wages and earnings. As a further proximate result of defendants' conduct, decedent suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride.

27. Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS are entitled to recover damages on behalf of decedent for his injuries and damages.

28. The conduct of defendant officers FARRO; NGUYEN; MULHERN; MARTINEZ; HUTCHINSON; WAYBRIGH; SAPPINGTON; OLSON; BRYAN; KEENER; and DOES 1-50, inclusive, was malicious, wanton, and oppressive. Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS, as decedent's successors in interest, are therefore entitled to an award of punitive damages against said defendant officers on behalf of decedent's right to punitive damages against said defendant officers.

29. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of decedent's civil rights, and plaintiffs' civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS against Defendants FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50)

30. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 29 of this Complaint.

31. In doing the acts complained of herein, Defendants FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and

DOES 1 through 50, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs and Decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e. The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS against Defendants CITY, CALHOUN and DOES 51-100)

32. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33. Defendant CITY OF HAYWARD, by and through its supervisory employees and agents, CRAIG CALHOUN, Chief of Police for the CITY, and DOES 51-100, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its peace officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, CRAIG CALHOUN, and DOES 51-100, inclusive, failed to take necessary,

proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injuries and damages to decedent and plaintiffs. Defendants CITY, CALHOUN, and DOES 51-100, inclusive, breached their duty of care to citizens in that they failed to adequately hire, retain, supervise, discipline, and train peace officers, including FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by police officers employed by defendant CITY.

34. The acts of defendant peace officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY, CRAIG CALHOUN, and DOES 51-100, inclusive, to the violation of the constitutional rights of citizens by defendant police officers herein, and other members of the Hayward Police Department. Decedent's and plaintiffs' injuries were a foreseeable and proximate result of the deliberate indifference of the CITY, CRAIG CALHOUN, and DOES 51-100, inclusive, to the pattern, practices, customs, and policies described above.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Right to Familial Relationship)
(All plaintiffs against all defendant police officers herein)

35. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. Defendant police officers, acting under color of state law, deprived plaintiffs without due process of law of their right to a familial relationship by seizing plaintiffs' decedent by use of

unreasonable, unjustified deadly force and violence, causing injuries which resulted in plaintiffs' decedent's death, all without provocation. Defendants further attempted to conceal their excessive use of force and to hide the true cause of plaintiffs' decedent's demise to deprive plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution. As a result, plaintiffs suffered damages as alleged in this Complaint.

37. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs and plaintiffs' decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

38. WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION
( SURVIVAL ACTION: VIOLATION OF
DECEDENT'S CIVIL RIGHTS – 42 U.S.C. § 1983)
(Plaintiff ANNIE LEWIS as personal representative of the Estate of decedent against all defendants)

39. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. The foregoing claim for relief arose in decedent's favor, and decedent would have been the plaintiff with respect to this claim if he had lived.

41. Defendants acted under color of law in subjecting decedent to excessive force, conspiring to cover up their misconduct, and failing to secure or permit reasonable medical treatment for decedent's injuries, thereby depriving plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a. The right not to be deprived of life or liberty without due process of law, as guaranteed by the fifth and fourteenth Amendments to the United States Constitution;

b. The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution;

c. The right to be free from the use of excessive use of force by law enforcement officers, as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution; and,

d. The right to be free from preconviction punishment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution.

42. As a proximate result of the foregoing wrongful acts of defendants, and each of them, the decedent has sustained a loss of the enjoyment of life and damages, in an amount in accordance with proof.

43. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs and the decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

Wherefore, plaintiffs pray judgment as set forth herein.

FIFTH CAUSE OF ACTION
(Wrongful Death-Intentional)
(C.C.P. Sections 377.60 and 377.61)
(Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORENZO LEWIS against all defendant police officers herein)

44. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 43 of this Complaint.

45. Defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, intentionally and wrongfully assaulted and battered GREGORY LEWIS, proximately causing his death on November 28, 2002. Said defendant police officers either intended to cause decedent's death when assaulting and battering decedent, or intended to assault and batter decedent and thereby proximately caused decedent's death.

46. As an actual and proximate result of said defendants' intentional and wrongful conduct against decedent, and the proximately caused death of decedent, plaintiffs have sustained pecuniary

loss resulting from the loss of comfort, society, attention, services, and support of decedent, in an amount according to proof at trial.

47. As a further actual and proximate result of defendants' intentional and wrongful conduct against decedent, and the proximately caused death of decedent, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

48. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action against, and claim damages from, said defendants for the wrongful death of decedent and their resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION
(Wrongful Death-Negligence)
(C.C.P. Section 377.60 and 377.61)
(Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORNZO LEWIS against all defendant police officers herein)

49. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50. Defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50's negligent actions and/or negligent failures to act, as set forth herein above proximately caused the death of decedent GREGORY LEWIS on November 28, 2002.

51. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of decedent, in an amount according to proof at trial.

52. As a further actual and proximate result of said defendants' negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

53. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action against, and claim damages from, said defendants for the wrongful death of decedent, and their resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(All plaintiffs against all defendant police officers herein)

54. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 53 of this complaint.

55. Plaintiffs are informed and believe and thereon allege that the conduct of defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, as described herein, was motivated by racial prejudice against plaintiffs' decedent. Plaintiffs' decedent is and was readily recognizable as African-American. In engaging in such conduct, defendants violated plaintiffs' decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

56. Under the provisions of California Civil Code Section 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code Section 51.7 for punitive damages and for reasonable attorney's fees.

57. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(All plaintiffs against all defendants herein)

58. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 57 of this Complaint.

59. The conduct of defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that through the wrongful assault and battery and killing of plaintiffs' decedent they interfered with plaintiffs' decedent's exercise and enjoyment of his civil rights, and interfered with the rights of plaintiffs to their right to a familial relationship without due process of law by the use of unreasonable and unjustifiable force and violence and wrongful conduct as alleged herein, all without provocation and in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution, all to plaintiffs' damage as alleged herein..

60. As a direct and proximate result of defendants' violation of Civil Code Section 52.1, decedent and plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

61. Since this conduct occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

62. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

NINTH CAUSE OF ACTION
(Assault and Battery)
(ANNIE LEWIS, as personal representative of the Estate of GREGORY LEWIS against all defendant police officers herein)

63. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 62 of this Complaint.

64. Defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, placed plaintiffs' decedent in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

65. These defendants' conduct was neither privileged nor justified under statute or common law.

66. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORNZO LEWIS against all defendant police officers herein)

67. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 66 of this Complaint.

68. The conduct of defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs' decedent.

69. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs' decedent suffered severe and extreme mental and emotional distress. Therefore, plaintiffs are entitled

to an award of punitive damages as against said defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

ELEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Plaintiffs DEMARIO LEWIS, DEANDRE LEWIS, and DELORNZO LEWIS against all defendant police officers herein)

70. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 69 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

71. The wrongful conduct of defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of plaintiffs.

72. As a proximate result of defendants' negligent conduct, plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on plaintiffs' emotional tranquility.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

TWELFTH CAUSE OF ACTION
(Negligence)
(ANNIE LEWIS, as personal representative of the estate of GREGORY LEWIS; DEMARIO LEWIS, DEANDRE LEWIS, and DELORNZO LEWIS against all defendant police officers herein)

73. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 72 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

74. At all times herein mentioned, defendant police officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiffs' decedent to suffer injuries and damages as set forth herein.

75. The wrongful conduct of defendants which caused the death of plaintiffs' decedent, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of plaintiff's decedent. Pursuant to Government Code Section 815.2(a), defendant CITY is vicariously liable to plaintiffs, on behalf of plaintiffs' decedent, for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of defendants.

76. As a proximate result of Defendants' negligent conduct, plaintiffs' decedent suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on his emotional tranquility, and damages. Ultimately, as the proximate result of defendants' negligent conduct, GREGORY LEWIS died. Said defendants are therefore liable to plaintiffs, on behalf of plaintiffs' decedent.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

THIRTEENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(ANNIE LEWIS, as personal representative of the estate of GREGORY LEWIS; DEMARIO LEWIS, DEANDRE LEWIS, and DELORNZO LEWIS against Defendants CITY, CARL CALHOUN, and DOES 51-100)

77. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 76 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

78. At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, CARL CALHOUN, and DOES 51-100, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its peace officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, CARL CALHOUN, and DOES 51-100, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injury and damages to decedent and plaintiffs. CITY, CARL CALHOUN, and DOES 51-100, inclusive, breached their duty of care to citizens in that CITY, CARL CALHOUN, and DOES 51-100, inclusive, failed to adequately train its police officer employees, including defendant officers FARRO, NGUYEN, MULHERN, MARTINEZ, HUTCHINSON, WAYBRIGHT, SAPPINGTON, OLSON, BRYAN, KEENER, and DOES 1-50, inclusive, in the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by the CITY, the continuing failure to make proper and reasonable arrests by police officers employed by the CITY, and continuing racially discriminatory behavior towards citizens by police officers employed by the CITY.

79. As a proximate result of defendants CITY, CARL CALHOUN, and DOES 51-100, inclusive's negligent conduct, decedent and plaintiffs suffered damages including severe emotional and mental distress and injury having a traumatic effect on decedent's and plaintiffs' emotional tranquility.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

JURY DEMAND

80. Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in a sum of $10,000,000.00;
2. For special damages in a sum according to proof;
3. For funeral and burial expenses according to proof;
4. For punitive damages for decedent's causes of action against defendant peace officers in a sum according to proof;
5. For injunctive relief enjoining, pursuant to California Civil Code Section 52.1, defendant CITY from authorizing, allowing, or ratifying the practice by any peace officer employee of defendant CITY of using excessive and unreasonable force against persons;
6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against defendant peace officers of $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

///

Dated: November 24, 2003

**The Law Offices of John L. Burris**

**Casper, Meadows & Schwartz**

John L. Burris
Attorney for Plaintiffs