IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE LEWIS, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF HAYWARD, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 03-5360 CW (MEJ)<br><br>**ORDER AFTER *IN CAMERA* REVIEW GRANTING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

### INTRODUCTION

Before the Court is the parties' briefing regarding Plaintiffs' request for production of various police personnel records. In connection with the letter, the parties submitted certain documents for *in camera* review. Upon careful review of the parties' papers, relevant case law and statutory authority, and good cause appearing, the Court hereby GRANTS Plaintiff's request for production, with limited exceptions, for the reasons set forth below.

### DISCUSSION

Plaintiffs, the surviving children and mother of decedent, Gregory Lewis, brought the instant action against Defendants for civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Gregory Lewis suffered and died as a result of unreasonable and excessive force administered by Hayward police officers. Plaintiffs served Defendants with a request for police personnel records and now come to the Court seeking an order to compel further production. Defendants object to Plaintiffs' request on the basis

that it seeks discovery of privileged police personnel records.[1] There are six categories of documents in dispute.[2]

**A.  Request for Production of Documents No. 1**

Request for Production of Documents No. 1 seeks a copy of any and all discoverable memorandum, reports, or other writings relating to the City of Hayward's investigation that gave rise to this lawsuit.  Defendants previously produced several documents in this category, but object to production of the Hayward Police Department's ("HPD") In Custody Death Investigation No. 02I-11-27.  Defendants assert that in order for HPD to ensure that it has the "best and the brightest" in its employ, it is imperative that HPD be able to conduct evaluative and other investigations without apprehension that such internal checks and balances will be freely disseminated and used against the department and its personnel.  Defendants argue that production of the in custody death investigation may potentially chill consequent program involvement.  If the Court were to order production of the investigation, Defendants request that it call for the deletion of any text that is not purely factual, including analysis, opinions, evaluations, conclusions, and recommendations.  Defendants specifically argue that they should not have to produce Hayward Police Department ("HPD") In Custody Death Investigation No. 02I-11-27.

In response, Plaintiffs argue that the protective order in place in this action protects Defendants from any privacy concerns.

Upon review of the parties' arguments, the Court finds that the importance of the information sought to Plaintiffs' case outweighs Defendants' privacy concerns.  Accordingly, Defendants shall produce In Custody Death Investigation No. 02I-11-27.

**B.  Request for Production of Documents No. 4**

Request for Production of Documents No. 4 seeks any and all documents containing background history relating to the defendant officers.  Defendants argue that any identification information directly set

---

[1] Although Defendants argue that the documents are also protected by California privilege law, the Court finds Defendants argument unpersuasive.  *Soto v. City of Concord*, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995).

[2] Although Plaintiffs sought production of psychiatric records and job applications of the named defendant officers, Plaintiffs have withdrawn that request.

2

1  forth in the background investigation such as Social Security Numbers, dates of birth, residence addresses,
2  personal telephone numbers, financial account numbers, and the names, addresses, and telephone numbers
3  of the officers' family and friends, are confidential and not relevant to this action. Defendants specifically
4  argue that they should not have to produce HPD background investigation of the defendant officers.

5  In response, Plaintiffs again argue that the protective order in place in this action protects
6  Defendants from any privacy concerns.

7  Upon review of the parties' arguments, the Court finds that the importance of the information sought
8  to Plaintiffs' case outweighs Defendants' privacy concerns. Accordingly, Defendants shall produce
9  documents containing background history relating to the defendant officers. However, Defendants may
10 redact identification information such as Social Security Numbers, dates of birth, residence addresses,
11 personal telephone numbers, financial account numbers, and the names, addresses, and telephone numbers
12 of the officers' family and friends.

**C.      Request for Production of Documents No. 5**

14 Request for Production of Documents No. 5 seeks any and all documents, reports, or
15 memorandum relating to prior allegations of excessive force, dishonesty, fabrication, and falsifying evidence
16 and police reports against the defendant officers. Defendants argue that Plaintiffs have not demonstrated
17 the existence of any other incident relating to the officers other than the subject detention of Lewis, nor have
18 they demonstrated any theory or proof substantiating the substantive use of any specific instances of
19 conduct under FRE 404(b). Defendants specifically argue that they should not have to produce Citizen's
20 Complaint #02C-04-05.

21 In response, Plaintiffs argue that this request relates directly to any notice that the City of Hayward
22 may have had with regard to areas of concern that would indicate an officer required further training or
23 closer monitoring, as well as whether the city is liable under *Monell*. Plaintiffs argue that they cannot
24 discover this information without disclosure pursuant to their request.

25 Upon review of the parties' arguments, the Court finds that Citizen's Complaint #02C-04-05 is
26 relevant to Plaintiffs' case and should be produced under the protective order. First, relevant information
27 need not be admissible at trial as long as it "reasonably appears calculated to lead to the discovery of

3

admissible evidence." Fed. R. Civ. P. 26(b)(1). Second, it is unclear how Plaintiffs can reasonably demonstrate the existence of any other incident without responses to their discovery requests.

**D.      Request for Production of Documents No. 6**

Request for Production of Documents No. 6 seeks any and all training records either on the job or otherwise pertaining to the defendant officers. Defendants argue that the information in the officers' academic records shall not yield any information relevant to Plaintiffs' claims, but rather simply be an unnecessary invasion of the officers' right to privacy.

In response, Plaintiffs argue that production is necessary to determine the training undergone by the officer defendants, particularly regarding the use of excessive force and responding to mentally disturbed people or potential "5150s."

Upon review of the parties' arguments, the Court finds that the importance of the information sought to Plaintiffs' case outweighs Defendants' privacy concerns. Accordingly, Defendants shall produce the defendant officers' training records.

**E.      Request for Production of Documents No. 7**

Request for Production of Documents No. 7 seeks any and all memorandum and records relating to discipline of the officer defendants. Defendants again argue privacy concerns. Defendants specifically argue that they should not have to produce Internal Investigation No. 041-12-36. In response, Plaintiffs again argue that the protective order in place in this action protects Defendants from any privacy concerns.

Upon review of the parties' arguments, the Court finds that the importance of the information sought to Plaintiffs' case outweighs Defendants' privacy concerns. Accordingly, Defendants shall produce all memorandum and records relating to discipline of the officer defendants.

**F.      Request for Production of Documents No. 8**

Request for Production of Documents No. 8 seeks any and all photographs, videotapes, and tapes of radio transmissions in Defendants' possession regarding the arrest and/or detention of Gregory Lewis. Defendants argue that they previously produced copies and photographs and tapes of radio transmissions.

As Defendants appear to be arguing that they have produced all responsive materials in response to Request No. 8, Defendants shall serve a declaration upon Plaintiffs attesting that all photographs,

videotapes, and tapes of radio transmissions in their possession have been produced. If there are any materials that Defendants have not produced, they shall do so under the protective order.

## CONCLUSION

Based on the foregoing analysis, the Court hereby ORDERS Defendants to produce the following documents and records subject to the protective order in this action:

1) In Custody Death Investigation No. 02I-11-27;

2) Documents containing background history relating to the defendant officers. However, Defendants may redact identification information such as Social Security Numbers, dates of birth, residence addresses, personal telephone numbers, financial account numbers, and the names, addresses, and telephone numbers of the officers' family and friends;

3) Citizen's Complaint #02C-04-05;

4) defendant officers' training records; and

5) all memorandum and records relating to discipline of the officer defendants.

Further, Defendants shall serve a declaration upon Plaintiffs attesting that all photographs, videotapes, and tapes of radio transmissions in their possession have been produced. If there are any materials that Defendants have not produced, they shall do so under the protective order.

**IT IS SO ORDERED.**

Dated: May 26, 2005                    /s/ Maria-Elena James
                                       MARIA-ELENA JAMES
                                       United States Magistrate Judge

5